**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| Sixt Rent a Car, LLC, and Sixt Titling Trust,<br><br>Plaintiffs,<br><br>v.<br><br>US Holdings, LLC, d/b/a NavAuto1, a foreign limited liability company<br><br>Defendant. | ) | Case No. 25-cv-61980 |

**VERIFIED AMENDED COMPLAINT FOR REPLEVIN**[1]

Sixt Rent a Car, LLC, a Delaware limited liability company, and Sixt Titling Trust, a Delaware statutory trust (collectively "Sixt"), hereby sues Defendant US Holdings, LLC, a Colorado limited liability company, d/b/a NavAuto1 ("NavAuto"), to recover property wrongfully detained by NavAuto, and further alleges as follows.

## INTRODUCTION

1. Sixt is a national car rental agency, which conducts business throughout the United States and is headquartered in Fort Lauderdale, Broward County, Florida.

[1] This Amended Complaint is being filed in accordance with the Court's Order, (ECF No. 5), in order to provide additional allegations regarding the members of Sixt Rent a Car, LLC and the status of Defendant US Holdings, LLC as a *for profit Colorado corporation*.

2. In connection with its rental business, Sixt at times engages maintenance vendors to perform maintenance and mechanical services to its rental fleet vehicles. Those entities function as independent contractors.

3. As detailed below, Sixt contracted with NavAuto to provide maintenance and mechanical services on a non-exclusive, at-will basis in the Denver, Colorado market. Unfortunately, NavAuto has and continues to wrongfully detain two of Sixt's shuttle buses, a BMW X3, and a Subaru Ascent in clear violation of the parties' governing agreement and applicable law. Because NavAuto has refused to respond to Sixt's demands, Court intervention is needed to restore Sixt's ownership of the subject vehicles, avoid loss or damage to Sixt's property, and mitigate damages from loss of use which Sixt continues to accrue on a daily basis.

**THE PARTIES**

4. This is an action to recover property in excess of $75,000.

5. Plaintiff Sixt Titling Trust is a Delaware statutory trust with its principal place of business located in Fort Lauderdale, Broward County, Florida.

6. Plaintiff Sixt Rent a Car, LLC is a Delaware limited liability company with its principal place of business located in Fort Lauderdale, Broward County, Florida.

7. Defendant NavAuto is a Colorado corporation with its principal place of business located at 221 E 56th Avenue, Denver, Colorado 80216.

## JURISDICTION & VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

9. Defendant NavAuto is a profit corporation organized under the laws of the State of Colorado, with its principal place of business located in Denver, Colorado. Although NavAuto's technical corporate name is "US Holdings *LLC*", the entity is not, in fact, a limited liability company. NavAuto was officially converted into a Colorado profit corporation on March 17, 2023.[2]

10. Plaintiff, Sixt Rent a Car, LLC, on the other hand, is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located in Fort Lauderdale, Broward County, Florida. As this Court has noted, "the citizenship of a limited liability company includes the citizenship of each member." *See* ECF No. 5 (citing *Rolling Greens MHP, L.P. v. Comcast SCH LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004)). Sixt Rent a Car, LLC's sole member is Sixt Transatlantik GmbH, which is a German corporation with its principal place of business in Pullach, Germany.

11. District Courts in this Circuit have found that, although the corporate form designated by "GmbH" provides for limited liability to the company's shareholders, such companies are, for diversity purposes, properly likened to a

[2] *See* Combined Articles of Conversion, Ex. F.

domestic corporation in the United States. *See Env't Prot. Comm'n of Hillsborough Cnty. v. Mercedes-Benz USA, LLC*, 2023 U.S. Dist. LEXIS 19635, at *4 (M.D. Fla. Feb. 6, 2023) (noting that as a "GmbH", the defendant Robert Bosch GmbH, "has shares owned by shareholders, rendering Bosch's structure consistent with that of an American corporation" and finding, upon review of the evidence and case law regarding GmbH entities, that the defendant GmbH "is a corporation" for purposes of diversity jurisdiction); *Karpel v. KG*, 2023 U.S. Dist. LEXIS 103678, at (S.D. Fla. June 14, 2023) ("Knauf International GmbH is a . . . German limited liability company, incorporated in Germany, with its principal place of business in Germany. For purposes of diversity jurisdiction, Knauf International GmbH is akin to a domestic U.S. corporation."); *see also Plixer Int'l, Inc. v. Scrutinizer GmbH*, 905 F.3d 1, 4 and 4 n.1 (1st Cir. 2018) (describing the defendant GmbH as "a German corporation with its principal place of business in Kassel, German," while acknowledging that "GmbH, or Gesellschaft mit beschrankter Haftung is German for 'company with limited liability.'").[3]

12. Sixt Titling Trust is a Delaware trust with its principal place of business in Fort Lauderdale, Broward County, Florida.

---

[3] Sixt Transatlantik GmbH is wholly owned by Sixt SE, which is a German corporation, with its principal place of business in Pullach, Germany.

13. Complete diversity exists between the Parties. And the value of the vehicles in question far exceeds $75,000.00.

14. Venue is proper in the United States District Court for the Southern District of Florida, Fort Lauderdale Division, because the Parties' Maintenance Vendor Service Agreement, a true and correct copy of which is attached hereto as Exhibit A, clearly and unambiguously provides that "[a]ny action or litigation concerning this Agreement will take place exclusively in the federal or state courts sitting in Broward County, Florida, and the Parties expressly consent to the jurisdiction of and venue in such courts and waive all defenses of lack of jurisdiction and inconvenient forum with respect to such courts." Ex. A at § 10.6.

## GENERAL ALLEGATIONS

15. This action concerns the unlawful detention of four vehicles utilized by Sixt Rent a Car, LLC in the operation of its rental car branch at the Denver International Airport. All of those vehicles were delivered by Sixt Rent a Car, LLC to NavAuto for maintenance/repairs. Despite Sixt's multiple demands, NavAuto has refused to return those vehicles to Sixt.

16. On or about November 19, 2024, Sixt Rent a Car, LLC and NavAuto entered into that certain Maintenance Vendor Service Agreement, a true and correct copy of which is attached hereto as Exhibit A (the "Agreement").

17. Pursuant to that Agreement, NavAuto agreed to "perform certain maintenance and mechanical services on a strictly independent contractor basis with respect to [Sixt Rent a Car, LLC's] motor vehicle rental business . . ." Ex. A at 1, ¶ 4.

18. The Agreement sets forth a detailed procedure for the completion of the work and subsequent payment. Namely, NavAuto was required to perform its maintenance and repair services in accordance with the terms, obligations, timing requirements, and rates detailed in the Statement of Work and Rates Schedule attached to and incorporated into the Agreement. *See* Ex. A at 10-12.

19. The Agreement likewise provided specific procedures for billing and payment. NavAuto was required to "submit itemized weekly invoices, which shall be accompanied by any required attachments, reference the purchase order number for each charge, and identify the odometer reading on the Vehicle upon the completion of the Vehicle Services, to [Sixt Rent a Car, LLC] . . . by the end of each week for Vehicle Services performed and completed by [NavAuto] during such prior calendar week." *Id.* at § 2.1. Notably, "incomplete or incorrect invoices (e.g., missing purchase order numbers) will be returned to [NavAuto] for correction *before payment will be made*." *Id.*

20. Earlier this year, Sixt Rent a Car, LLC delivered the following four vehicles (the "Detained Vehicles") to NavAuto:

a. 2017 Ford bearing registration FL-JKHP13 and VIN# 1FDEE3FS2HDC55833;

b. 2023 Ford bearing registration CO-DWYW54 and VIN# 1FDFE4FN2PDD24006;

c. 2024 BMW X3 bearing registration CA-9LPP342 and VIN# 5UX43DP04R9V80091; and

d. 2025 Subaru Ascent bearing registration CO-EDXM15 and VIN# 4S4WMAAD4S3415745

21. The Detained Vehicles were delivered to Defendant for maintenance/service under the Agreement.

22. Sixt Rent a Car LLC is the registered owner and title holder of the vehicle described in paragraphs 15(a). Title to the vehicles described in paragraphs 15(b) – 15(d) is held in the Sixt Titling Trust. Sixt Rent a Car LLC has control over and the right to possession of all the Detained Vehicles for the purposes of its rental car operation.

23. In June of 2025, a dispute arose between NavAuto and Sixt Rent a Car LLC. NavAuto claimed that it had numerous invoices that had gone unpaid. Sixt Rent a Car, LLC, in turn, advised NavAuto that its invoices were incomplete, missing essential information mandated under the Parties' Agreement, and needed

to be corrected before payment could be made (in accordance with the terms of the Agreement).

24. Unfortunately, through a letter dated June 4, 2025, and an email dated July 7, 2025, NavAuto advised Sixt that the Detained Vehicles "will not be released and are subject to mechanic's liens . . . ." NavAuto's June 4, 2025 letter is attached as Exhibit B, and the subsequent email exchange between Sixt's in-house counsel and NavAuto's counsel is attached hereto as Exhibit C.

25. By letter dated, June 27, 2025, *see* Ex. D, and email dated July 30, 2025, *see* Ex. C, Sixt demanded that NavAuto immediately return the Detained Vehicles to Sixt without delay and provide proof of life for each of the Detained Vehicles (including their current mileage, fuel levels, and any other relevant information).

26. To date, NavAuto has failed to meaningfully respond to Sixt's demands, and has not substantively responded to any of Sixt's communications for months.

27. Despite Sixt's multiple demands, NavAuto has not returned the Detained Vehicles, whose collective value exceeds $150,000.

28. Further, NavAuto's wrongful detention of the Detained Vehicles has and continues to damage Sixt Rent a Car, LLC.

29. The Parties' Agreement makes clear that *"[Sixt] shall retain all ownership rights in and to its Vehicles at all times. Neither [NavAuto] nor any Technician may hold back or maintain possession of any Vehicle for whatever reason*

*if advised by [Sixt] to return or hand back over such property, and [NavAuto] shall return all such property upon demand from [Sixt]. Under no circumstance may [NavAuto] nor any Technician place a lien on any Vehicle undergoing Vehicle Services or related repairs pursuant to this Agreement or otherwise.*" Ex. A at § 5.6 (emphasis added)

30. The Agreement further provides that "in the event [NavAuto] or any Technician places a lien on [Sixt's] property, [NavAuto] shall additionally be subject to a liquidated penalty of $100.00 per day per lien. [NavAuto] *agrees to waive any common law or statutory lien rights it may have and will only assign Technicians to provide the Vehicle Services whom have executed a 'lien waiver' to the fullest extent permissible by the laws of the state in which the Vehicle Services are to be provided. [NavAuto] understands a waiver of such rights was a material inducement for [Sixt] to enter this Agreement.*" *Id.* (emphasis added).

**COUNT I**
**REPLEVIN**

31. Sixt hereby incorporates and realleges the allegations of paragraphs 1-25 as though fully set forth herein.

32. This is an action for replevin of the Detained Vehicles.

33. Sixt Rent a Car, LLC and Sixt Titling Trust are the record owners of the Detained Vehicles, as evidenced by the titles attached hereto as Composite Exhibit E.

34. The Detained Vehicles have been unlawfully detained by NavAuto, in clear violation of the Parties' Agreement.

35. NavAuto is in unlawful possession of the Detained Vehicles.

36. The Detained Vehicles have not been taken for a tax, assessment, or fine pursuant to law.

37. Further, the Detained Vehicles have not been taken under an execution or attachment against the property of Sixt.

38. Sixt retained the undersigned counsel to take legal action to recover the Detained Vehicles from NavAuto and is entitled to recover its costs and reasonable attorney's fees.

WHEREFORE Plaintiff Sixt demands judgment against Defendant NavAuto granting replevin of the Detained Vehicles, ordering the immediate return of the Detained Vehicles to Sixt, and granting such other and further legal and equitable relief as the Court deems appropriate under the circumstances.

ARMAS BERTRAN ZINCONE
4960 SW 72nd Avenue
Suite 206
Miami, Florida 33155
Telephone: (401) 598-6594

/s/ *Francesco A. Zincone*
FBN 100096
fzincone@armaslaw.com

**VERIFICATION**

I declare under penalty of perjury that I have read the foregoing Complaint and that the facts asserted in paragraphs 1-3, 15-30, and 32-38 are true and correct.

David Brennan
David Brennan (Oct 16, 2025 12:44:36 MDT)

David Brennan
Sixt Rent a Car, LLC
Regional Fleet Director – Central Region

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed this 21st day of October, 2025, with the Clerk of the Court and will be served in accordance with Rule 4, Fed. R. Civ. P., along with the Summons issued by the Clerk.

*/s/ Francesco A. Zincone*